IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON A. NASMAN,

            Plaintiff,            OPINION AND ORDER

v.

                                      11-cv-614-wmc

CHASE HOME FINANCE LLC,
GRAY & ASSOCIATES, LLP,
STEVEN E. ZABLOCKI,
MICHAEL M. RILEY,
BRIAN QUIRK & ROBERT M. PIETTE,

            Defendants.

---

On January 24, 2013, this court: (1) partially granted a motion to dismiss filed by defendants Gray & Associates, LLP, Zablocki, Riley, Quirk and Piette ("the Gray defendants"); (2) denied plaintiff Jason Nasman's motion for summary judgment; (3) *sua sponte* granted summary judgment in favor of all defendants; and (4) entered final judgment. Plaintiff now moves for reconsideration of the judgment under Federal Rule of Civil Procedure 59(e), asserting that the court's *sua sponte* grant of summary judgment to defendants was premature, both as a procedural matter and because it did not allow him a full and fair opportunity to present his case. Much of plaintiff's motion can be characterized as frivolous and all of it will be denied, but so will defendants' informal request for sanctions against plaintiff's counsel for filing the motion.

OPINION[1]

---

[1] The court assumes familiarity with the procedural history of this case, and will not completely restate it in this short opinion.

"Altering or amending a judgment under 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). Tracking this standard, plaintiff's motion for reconsideration argues that the court manifestly erred in two respects: (1) it was procedurally barred from granting summary judgment to either side before the Gray defendants filed their answer; and (2) in *sua sponte* granting summary judgment for defendants, the court failed to give plaintiff a full and fair opportunity to contest the grounds for judgment.

A. Grant of Summary Judgment Before Defendants' Answer

On October 25, 2011, the Gray defendants filed a motion to dismiss plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, tolling their deadline to answer the complaint until the court ruled on their motion. Fed. R. Civ. P. 12(a)(4). While this motion was pending, and notwithstanding the lack of an answer from defendants, plaintiff filed a motion for summary judgment. The court eventually decided the dismissal and summary judgment motions on the same day, thus granting summary judgment in favor of all defendants before the Gray defendants had answered, which plaintiff now contends was error.

In support, plaintiff cites to *People's Bank v. Fed. Reserve Bank of S.F.*, 58 F. Supp. 25 (N.D. Cal. 1944), which states that a party "may move for summary judgment in his favor only after a pleading responsive to the complaint has been filed." *Id.* at 27. That legal principle does not directly pertain here because the court granted summary

2

judgment *on its own motion*. Even assuming that principle applies to summary judgments across the board, plaintiff himself was the first to ignore the requirement of an answer by moving for and fully briefing his claimed entitlement to summary judgment. Thus, Nasman has not only waived any objection to summary judgment being premature, but already been given a full opportunity to present conflicting facts and law. Finally, even if the court were to allow plaintiff to stand on formality, reopening the case would appear to be a pointless exercise, since Nasman has still submitted no evidence or argument that cause the court to reconsider its grant of summary judgment.

### B. Full and Fair Opportunity to Contest

While Federal Rule of Civil Procedure 56(f) allows summary judgment for a *nonmovant* after notice and a reasonable time to respond, district courts have the authority to enter summary judgment "so long as the losing party was on notice that she had to come forward with all her evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

The court's original opinion explained summary judgment was being granted in favor of defendants without giving plaintiff yet another opportunity to comment since it was ruling on the very question raised by plaintiff's own motion for summary judgment, which was obviously a question that plaintiff had every opportunity and motivation to fully argue. Indeed, in his affirmative motion for summary judgment plaintiff put forward all relevant evidence on the question, and he succeeded in convincing the court that no material issues of fact remained. He lost at summary judgment only because he

3

failed to persuade the court to adopt his position with respect to the central *legal* question addressed (albeit unconvincingly) in his summary judgment brief.

Plaintiff nevertheless argues that he would have adduced more facts for the court's consideration if he'd been given the chance -- namely, defendants' "failure to disclose the identity of the [current] creditor." Plaintiff overlooks, however, that this additional evidence would not have been relevant to any claim properly before the court at summary judgment.

In its decision on defendants' motion to dismiss (which plaintiff does not contest), the court allowed two claims to move forward to summary judgment: a claim under 15 U.S.C. § 1692g(a)(4-5) and a claim under 15 U.S.C. § 1692g(b). None of these statutory sections require defendants to state the identity of the current creditor -- that requirement is found in § 1692g(a)(2), which pertains to the initial notice of debt, not the verification letter. Plaintiff argues that like subsection (a)(2), subsection g(b) also requires identification of the current creditor, but this is belied by the plain language of that subsection, which only requires defendants to identify the "original creditor" (in this case the two were different).[2]

In sum, the only way plaintiff's newfound evidence would have been relevant at summary judgment is if plaintiff had obtained permission to amend his complaint to add a claim under § 1692g(a)(2). It is very unlikely the court would have granted permission

---

[2] For the proposition that § 1692g(b) requires naming the current creditor, plaintiff relies on out-of-context quotes from two cases cited in this court's summary judgment decision. Both decisions actually undermine, rather than support, plaintiff's argument. See, e.g., *Poulin v. The Thomas Agency*, 760 F. Supp. 2d 151, 160 (D. Me. 2011) ("[T]he Court agrees with Defendant that it complied with FDCPA's verification requirement by providing Plaintiff with the identity of the *original* creditor . . . ." (emphasis added)).

for any such request, as it would have been untimely, and at any rate no permission had or has actually been granted. Thus, all of this additional evidence, which plaintiff claims he would have adduced for the court's consideration if he had not been blindsided by the "premature" summary judgment decision, would not have produced any different analysis or result on summary judgment. This means that plaintiff's motion for reconsideration must be denied.

### C. Request for Fees

Finally, defendants have asked the court for an award of attorneys' fees against plaintiff's counsel for filing a frivolous motion. 28 U.S.C. § 1927 states that "[a]ny attorney or other person. . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The purpose of this statute is "to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them." *Kapco Mfg. Co., Inc. v. C & O Enter's, Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (internal citation omitted). A court may impose sanctions under this code provision when an attorney has acted in an "objectively unreasonable manner" by engaging in "serious and studied disregard for the orderly process of justice." *Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 119 (7th Cir. 1994).

The court nevertheless declines to sanction plaintiff's counsel. Plaintiff's objection that the court overlooked the Gray defendants' failure to answer before granting

summary judgment appears to be legally correct, or at least colorable, so a portion of the motion to reconsider was well-founded. Although the remainder of the motion is frivolous, the court quickly recognized this, and told defendants that "a responsive brief is not required." (Dkt. #57.) The court can hardly fault defendants for taking the precautionary step of filing responsive briefs anyway, but this does weigh against shifting the costs of those briefs to plaintiff's counsel. This case has already gone on far longer than its merits deserve, and it will not prolong the matter any further with a potential dispute over sanctions.

ORDER

IT IS ORDERED that:

1) Plaintiff Jason A. Nasman's motion to alter or amend the judgment (dkt. #55) is DENIED; and

2) Defendants Gray & Associates LLP, Steven Zablocki, Michael Riley, Brian Quirk, Robert Piette's informal request for attorneys fees is also DENIED.

Entered this 16th day of September, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge